IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MATTHEW FREEZE                                                                                       PETITIONER

v.                                            NO. 2:11CV00005 JLH

T.C. OUTLAW, Warden,
FCI Forrest City, Arkansas                                                                          RESPONDENT

## ORDER

Matthew Freeze commenced this action pursuant to 28 U.S.C. § 2241. He maintains that a prison employee, Ms. T. Hall, filed incident reports seeking discipline against him in retaliation for his complaining about her performance of her duties. Warden Outlaw contends that the action should be dismissed because the matter is not ripe for judicial review and because Freeze has failed to exhaust his administrative remedies. The magistrate judge recommended that Freeze's petition be dismissed on those two grounds. Freeze has filed timely objections. Upon *de novo* review, the Court has concluded that one of Freeze's objections may be well taken, but the other is not, so the action should be dismissed.

The first issue is whether the matter is ripe for adjudication. Warden Outlaw argues that the matter is not ripe for adjudication because no action has been taken on the incident reports that were allegedly filed in retaliation for Freeze's complaints. The Eighth Circuit has held, however, that the retaliatory filing of a disciplinary charge is actionable, and the inmate need not show a separate, independent injury as an element of his case. *Haynes v. Stephenson*, 588 F.3d 1152, 1156 (8th Cir. 2009). *See also Williams v. Horner*, 2010 WL 4845743 (8th Cir. Nov. 30, 2010).

On the issue of exhaustion of administrative remedies, Freeze has submitted a declaration in which he states that he had completed an emergency BP-9 (Request for Administrative Remedy) to an appropriate employee of the Bureau of Prisons on December 5, 2010, but he never received a

notice of receipt or rejection for this BP-9 from the staff of the institution. He also states in his declaration that he delivered another BP-9 on December 20, 2010, but he has never received notice of receipt or rejection from the staff of the institution on that one either. Consequently, he argues that he has attempted to exhaust the administrative remedies but has been thwarted by the staff of the institution.

Warden Outlaw has submitted a declaration from James C. Crook, Supervisory Attorney for the Bureau of Prisons Consolidated Legal Center, stating that Freeze has not been disciplined due to incident reports filed against him, nor has he exhausted his administrative remedies by appealing any disciplinary action that may result from these incident reports. After the magistrate judge issued his recommended disposition, Freeze filed a motion for a declaratory judgment and attached two discipline hearing officer reports stating that no prohibited act was committed and expunging the disciplinary record, so it appears that Freeze will not be disciplined. As noted above, according to Eighth Circuit precedent, Freeze's claim for relief does not require that discipline be imposed as a result of the allegedly retaliatory incident reports. Crook's declaration does not address whether Freeze timely submitted a BP-9 and attempted to comply with the grievance procedures for his complaint regarding Hall.[1]

As stated above, Freeze says that he submitted an emergency BP-9 on December 5, 2010, and another on December 20, 2010, but he never received any response. According to 28 C.F.R. § 542.18, the warden should respond to an administrative remedy request within 20 calendar days, except in case of an emergency, in which case the warden should respond no later than the third

---

[1] Attached to Crook's declaration is a printout showing, in part, that the Bureau of Prisons received a complaint from Freeze on January 5, 2011, indicating "Staff Retaliating Against Him/False Ire/RPTS," with a code of "REJ." Crook does not explain that entry.

calendar day after filing.  Section 542.18 also states, "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  The regulations authorize an appeal if an inmate is not satisfied with the warden's response.  *See* 28 C.F.R. § 542.15 and § 542.17(c).  Thus, the Bureau of Prisons has an administrative remedy for an inmate who files an administrative remedy request but receives no response–when the time for a response has run, the inmate can consider the absence of a response to be a denial and can appeal.  Here, the response time has run and, according to Freeze, he has received no response.  Section 542.18 says that Freeze may consider the lack of a response to be a denial from which he can appeal.  He admittedly has not appealed this denial of his administrative remedy request.  Therefore, he has failed to exhaust an administrative remedy that is available to him.  *Rufus v. Bailey*, No. 5:08-CR-240 (DCB) (MTP), 2009 WL 3215227, *6 (S.D. Miss. Sept. 30, 2009).

The Eighth Circuit has said that it has excused inmates from complying with grievance procedures when officials have prevented them from using the procedures or when officials themselves have failed to comply with the grievance procedures.  *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005).  Freeze does not contend, however, that any employee of the Bureau of Prisons has prevented him from considering the lack of response to his administrative remedy request as a denial and appealing that denial.

For the reasons stated, the petition of Matthew Freeze is dismissed.

IT IS SO ORDERED this 13th day of April, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE