**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

MATTHEW FREEZE                                                                                              PLAINTIFF

v.                                              No. 2:11CV00005 JLH

T.C. OUTLAW, Warden,
FCI Forrest City, Arkansas                                                                              DEFENDANT

## ORDER

As stated in the Court's prior order, Matthew Freeze commenced this action pursuant to 28 U.S.C. § 2241 on the basis that a prison employee, Ms. T. Hall, retaliated against him for complaining about her performance of her duties by seeking to have him disciplined. Freeze alleged that he had submitted an emergency BP-9 (Request for Administrative Remedy) form on December 5, 2010 and another on December 20, 2010. He stated that both were in response to two different incident reports filed by Hall. The only BP-9 request in the prison's Administrative Remedy Index which matches Freeze's description is one entered on January 5, 2011. Freeze now asserts that request is his December 20, 2010 BP-9 form.

The Court dismissed the action on the basis that Freeze had failed to exhaust his administrative remedies. The Court relied on 28 C.F.R. § 542.18 which states, in part, "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Freeze had stated that he never received a response to either request, but conceded that, instead of appealing to the Regional Director pursuant to the regulations, 28 C.F.R. § 542.15, he filed suit in federal court. The Court concluded that Freeze should have treated the lack of responses as denials and appealed pursuant to section 542.15. For this reason, the Court found that Freeze failed to exhaust his administrative remedies.

Freeze asks the Court to reconsider its order. Freeze argues that the Court's reliance on section 542.18 is legally erroneous. Specifically, Freeze argues that section 542.18 only applies to a request which is "accepted" and "considered filed[,]" namely, "logged into the Administrative Remedy Index as received." 28 C.F.R. § 542.18. Freeze contends that since his December 5, 2010 BP-9 request does not appear on the Administrative Remedy Index, it was never filed. Further, he contends that his December 20, 2010 BP-9 request was not accepted, but rather was rejected and no ruling was made on its merits. Therefore, Freeze concludes, section 542.18 does not apply to either BP-9 request.

Regardless of this argument's merit, the latest briefs filed by both parties demonstrate that Freeze failed to comply with the prison's administrative grievance process. Outlaw states that the prison rejected Freeze's second BP-9 request because he failed to attempt to resolve the complaint informally as required by the regulations, 28 C.F.R. § 542.13, and prison guidelines. Freeze concedes that he did not file an informal resolution attempt,[1] known as a BP-8, but argues that he was not required to do so because it was an emergency request. The prison guidelines state that prisoners are not required to attempt informal resolution regarding requests for remedies which "are EMERGENCY in nature." The guidelines do not, however, define what constitutes an emergency.

The Court is convinced that a request for an administrative remedy is not an emergency merely because the prisoner includes the words "emergency" on his BP-9 request. If that were so, any prisoner could avoid the mandatory informal resolution attempt by merely writing "emergency" on the BP-9 request. Freeze asserts that he believes "that repeated retaliation by staff is of an

---

[1] Similarly, the evidence reveals that Freeze did not attempt to resolve his first grievance informally before submitting the December 5, 2010 BP-9 request.

emergency nature." The Court does not believe that the circumstances giving rise to Freeze's BP-9 requests were "of an emergency nature." According to the regulations pertaining to prisoner discipline, an inmate may be disciplined for conduct reported by prison staff in an incident report only after an investigation and hearing either before a Unit Disciplinary Committee or an impartial hearing officer, depending on the severity of the alleged offense. *See* 29 C.F.R. §§ 541.10 to 541.23. Among other things, the prisoner has a right to advance notice of the charges against him, to appear at the hearing, and to make a statement and offer evidence. 28 C.F.R. § 541.17. Further, the prisoner may appeal any disciplinary decision. 28 C.F.R. § 541.19. In the instant case, Freeze complains about the filing of incident reports by Hall. Under the regulations, Hall did not have the power to discipline Freeze. Rather, Freeze could only have been disciplined after a hearing was conducted and a determination was made that Freeze had in fact committed the offenses alleged in Hall's incident reports. Under these circumstances, no emergency existed. Freeze's failure to attempt informal resolution of his grievances was unjustified. Because Freeze did not exhaust his administrative remedies, he is not entitled to maintain an action in federal court.

IT IS SO ORDERED this 15th day of June, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE